IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Cynthia Brady, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:24-cv-2110 ) |
| Midland Credit Management, Inc., a Kansas corporation, | ) ) ) ) |
| Defendant. | ) Jury Demanded |

## COMPLAINT

Plaintiff, Cynthia Brady, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1.   This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2.   Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant resides and transacts business here.

### PARTIES

3.   Plaintiff, Cynthia Brady ("Brady") is a citizen of the State of Kansas, from whom Defendant attempted to collect defaulted consumer debts that she allegedly owed for a Comenity Capital Bank account and two Synchrony Bank accounts.

4.   Defendant, Midland Credit Management, Inc. ("MCM"), is a Kansas corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because

it regularly uses the mails and/or the telephone to collect, and/or credit reporting and/or lawsuits, to attempt to collect, defaulted consumer debts that it did not originate. MCM operates a defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Kansas. In fact, Defendant MCM was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant MCM is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar. Defendant MCM's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

6. Defendant MCM is authorized to conduct business in the State of Kansas, and maintains a registered agent here, see, record from the Kansas Secretary of State, attached as Exhibit A. In fact, Defendant MCM conducts business in Kansas.

## FACTUAL ALLEGATIONS

7. Due to financial difficulties, Plaintiff was unable to pay her debts, including consumer debts she allegedly owed for a Comenity Capital Bank account and two Synchrony Bank accounts (collectively referred to as "the debts"). Sometime after these debts went into default, Defendant obtained/purchased the debts and began collecting these debts from her by, among various means, negative credit reporting.

8. As is her right under the FDCPA, Ms. Brady responded to Defendant's collection attempts on January 11, 2024, with letters disputing the debts and demanding that Defendant cease communications with her about these debts. Copies of these letters are attached as Group Exhibit B.

9. On March 1, 2024, Ms. Brady obtained and reviewed a copy of her

Experian credit report, which showed that Defendant had continued to report the debts she allegedly owed but had failed to note that the debts were disputed. The pertinent parts of Ms. Brady's Experian credit report are attached as Exhibit C.

10. As a result of Defendant's failure to note that the debts were disputed, when it continued to report the debts to Experian, Ms. Brady was also forced to take an action to her detriment, by taking the time, effort, and expense of having to hire attorneys to send Defendant a letter, reminding Defendant that she had disputed these debts that it was reporting and to stop its incorrect credit reporting. A copy of this letter is attached as Exhibit D.

11. Defendant's violations of the FDCPA were material because Defendant's failure to note that the debts were disputed when Defendant reported, or continued to report, the debts on Plaintiff's credit report harmed her credit reputation, impaired her credit rating and her ability to obtain credit. Moreover, Defendant's failure to note, when reporting the debts on Plaintiff's credit report, that the debts were disputed, made it appear to Plaintiff that she did not actually have the right to dispute the debts.

12. Defendant's collection actions alarmed, confused and emotionally distressed Ms. Brady. Moreover, Defendant's violations of the FDCPA impacted Plaintiff's credit score and her credit reputation.

13. Furthermore, § 1692e(8) of the FDCPA's command - that a debt collector must communicate that a disputed debt is disputed - is rooted in the basic common law fraud principle that, if a debt collector elects to communicate credit information about a consumer, it must not omit a material piece of information, namely that the debt is disputed.

14. Defendant's collection actions negatively impacted Ms. Brady's credit score, and forced her to take the time, effort and expense to try to stop the improper credit reporting, see, Mack v. Resurgent Capital Services, 70 F.4th 395, 406-407 (7th Cir, 2023) and Walters v. Fast AC, LLC, 60 F.4th 642, 649 (11th Cir. 2023).

15. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

### COUNT I
### Violation Of § 1692e Of The FDCPA –
### False or Misleading Representation

16. Plaintiff adopts and realleges ¶¶ 1-15.

17. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive or misleading means to collect or attempt to collect a debt, including, but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see, 15 U.S.C. § 1692e(8)(" …the following conduct is a violation of this section … including the failure to communicate that a disputed debt is disputed …"); see also, Ewing v. Med-1 Solutions, 24 F.4th 1146 (7th Cir. 2022); Evans v. Portfolio Associates, 889 F.3d 337, 346 (7th Cir. 2018); Sayles v. Advanced Recovery Systems, 865 F.3d 246, 249-250 (5th Cir. 2017); and Brady v. Credit Recovery, 160 F.3d 64, 65 (1st Cir. 1998).

18. Defendant, by continuing to report the debts to a credit reporting agency, when it knew the debts were disputed by Plaintiff, and by failing to report that the debts were disputed, used false, deceptive or misleading means to collect or attempt to collect debts, in violation of § 1692e(8) of the FDCPA.

19. Defendant's violations of § 1692e(8) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692f Of The FDCPA –
### Unfair Or Unconscionable Collection Actions

20. Plaintiff adopts and realleges ¶¶ 1-15.

21. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, <u>see</u>, 15 U.S.C. § 1692f.

22. Defendant, by continuing to report the debts to a credit reporting agency, when it knew the debts were disputed by Plaintiff, and by failing to report that the debts were disputed, used unfair or unconscionable means to collect, or attempt to collect, debts, in violation of § 1692f of the FDCPA.

23. Defendant's violations of § 1692f of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Cynthia Brady, prays that this Court:

1. Find that Defendant's collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff Brady, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Cynthia Brady, demands trial by jury.

                                                          Cynthia Brady,

                                                          By: /s/ James R. Crump_____
                                                          One of Plaintiff's Attorneys

                                                          By: /s/ David J. Philipps_____
                                                          One of Plaintiff's Attorneys

Dated: March 25, 2024

Ryan M. Callahan    (#25363)
James R. Crump    (#78704)
Callahan Law Firm, LLC
222 West Gregory, Suite 210
Kansas City, Missouri 64114
(816) 822-4041
ryan@callahanlawkc.com
james@callahanlawkc.com

David J. Philipps    (Ill. Bar No. 06196285)(pro hac vice pending)
Mary E. Philipps    (Ill. Bar No. 06197113) (pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com