IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CYNTHIA BRADY,

    Plaintiff,

    v.

MIDLAND CREDIT MANAGEMENT, INC.,

    Defendant.

Case No. 24-2110-JAR-RES

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Cynthia Brady's Unopposed Motion for Leave to Provisionally File Documents Under Seal (Doc. 39) and Unopposed Motion to Seal (Doc. 42). As described below, the Court grants Plaintiff leave to file Exhibits G and I to her summary judgment motion provisionally under seal, but denies her motion to permanently seal those documents.

In this District, a party may provisionally file documents under seal that "it reasonably believes may contain confidential information."[1] The filing party is also required to file a notice of proposed sealed record. A motion to seal or redact under D. Kan. Rule 5.4.2(c) may then be filed by the *Proponent*—the party or non-party that previously designated the information as confidential pursuant to a protective order.[2] That subsection lists several requirements for such a motion, including "the confidentiality interest to be protected and why such interest outweighs

---

[1] D. Kan. Rule 5.4.2(a).

[2] *Id.* 5.4.2(b)–(c).

the presumption of public access," and notes that "stipulations between the parties or stipulated protective orders, alone, are insufficient to justify restriction."[3]

Plaintiff originally filed Exhibit I to her motion for summary judgment on the public record.[4] In the motion for leave to provisionally file under seal, she seeks to seal that document from the public record and to provisionally file under seal an additional exhibit, Exhibit G. This motion is granted and Plaintiff is directed to file both documents provisionally under seal. The Clerk is directed to seal the original, inadvertent public filing of Exhibit I in Doc. 38-7.

But Plaintiff's subsequent motion to permanently seal these documents must be denied. First, the motion was not filed by the Proponent of the sealed documents. Second, the motion to seal fails to include any of the information required by the rule. Moreover, "[t]he party seeking to overcome the presumption [of public access] bears the burden of showing some significant interest that outweighs the presumption."[5] The Court must be mindful that "where documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches."[6] The fact that a document is designated confidential or highly confidential under a protective order is not a sufficient basis, standing alone, to seal judicial records.[7] Yet, this is the

---

[3] *Id.* 5.4.2(c).

[4] Doc. 38-7.

[5] *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (quoting *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)).

[6] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006)).

[7] *See Lugosch*, 435 F.3d at 121 ("[D]ocuments used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons." (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982))); *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) ("[T]he parties cannot overcome the presumption against sealing judicial records simply by pointing out that the records are subject to a protective order in the district court. Rather, the parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process."); *Colony Ins. Co.*, 698 F.3d at 1241 (quoting *Lugosch*, 435 F.3d at 121) (applying "heavy burden" to moving party where documents are used to determine substantive rights).

only basis cited in the motion for sealing these documents. Therefore, the motion must be denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff Cynthia Brady's Unopposed Motion for Leave to Provisionally File Documents Under Seal (Doc. 39) is **granted**. Plaintiff is directed to file both documents provisionally under seal forthwith. The Clerk is directed to seal the original, inadvertent public filing of Exhibit I (Doc. 38-7).

**IT IS FURTHER ORDERED BY THE COURT** that Plaintiff's Unopposed Motion to Seal (Doc. 42) is **denied**. If the Proponent fails to file a motion to seal these exhibits within seven days of the provisionally sealed filing, the Court will direct the Clerk to unseal them.

**IT IS SO ORDERED.**

Dated: January 21, 2025

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE