## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CYNTHIA BRADY,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 24-2110-JAR** |
| **MIDLAND CREDIT MANAGEMENT, INC.,** | |
| **Defendant.** | |

### MEMORANDUM AND ORDER

This comes before the Court on Defendant Midland Credit Management Inc.'s Motion for Reconsideration of Memorandum and Order Denying Defendant's Motion for Summary Judgment and Request for Clarification (Doc. 76). The motion is fully briefed, and the Court is prepared to rule. For the reasons stated below, the Court denies the motion.

I.      **Background**

This Court's July 30, 2025 Memorandum and Order ruled, *inter alia*, that Plaintiff has Article III standing to bring her claim under the Fair Debt Collection Practices Act ("FDCPA"); specifically, under 15 U.S.C. § 1692e(8) for Defendant's alleged violation of its duty to not use false, deceptive, or misleading means to collect a debt.[1] Plaintiff's claim is based on Defendant's reporting to credit-bureau agency Experian that three of Plaintiff's debts were in active collection, when Plaintiff disputed those debts.

This Court denied Defendant's summary-judgment motion arguing that Plaintiff lacked standing, finding that Plaintiff brought forth evidence that she suffered a concrete, intangible

---

[1] Doc. 67. The Court also denied the parties' cross motions for summary judgment on Defendant's bona fide error defense, which is not at issue on this motion to reconsider.

injury-in-fact—reputational harm from Defendant falsely reporting to Experian that her debts were undisputed.  The Court found that Defendant's false reporting to Experian is closely related to the common law analogue of defamation, that is, a defamatory statement by Defendant that was published to another, Experian.  The Court further found that the summary-judgment record supported a reasonable inference that Experian, which is in the business of reporting favorable and unfavorable information bearing on a consumer's credit worthiness, understood the defamatory nature of the communication from Defendant.  For Experian in turn reported, consistent with Defendant's reporting, that Plaintiff had three debts in active collections, and when Defendant later corrected its communication to Experian to show that these three debts were disputed, Experian in turn reported these three debts as disputed rather than as in active collections.

## II.    Legal Standards

Defendant moves the Court to reconsider its order regarding standing "to correct a clear error of law or to prevent manifest injustice,"[2] pursuant to under D. Kan. Rule 7.3, which states

> Except for motions under Fed. R. Civ. P. 59(e) or 60, parties seeking reconsideration of a court order must file a motion within 14 days after the order is served unless the court extends the time. A motion to reconsider must be based on:
>     (1) an intervening change in controlling law;
>     (2) the availability of new evidence; or
>     (3) the need to correct clear error or prevent manifest injustice.

---

[2] Doc. 76 at 3.

A court's decision is clearly erroneous if it is "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment."[3]  Courts in this district have described manifest injustice to mean "direct, obvious, and observable error."[4]

## III.    Discussion

Defendant points to no new evidence or any intervening change in controlling law. Instead, Defendant moves the Court to reconsider its order finding that Plaintiff has standing on the basis of clear error of law or to prevent manifest injustice.  But Defendant rehashes the same arguments it made earlier and largely supports its arguments with the same, noncontrolling law it relied upon in its summary judgment motion.

The Court has already analyzed and rejected Defendant's arguments that Plaintiff has not shown harm or injury in the form of evidence that she was denied credit or that her credit score was affected, and that absent such evidence.  And the Court has already determined that Plaintiff has shown defamatory statements, causation, that Experian understood the defamatory nature of the statements, publication, and actual harm.

First, the Court found reputational harm flowing from the undisputed fact that Defendant falsely reported to Experian that Plaintiff's three debts were in active collections, when in fact they were disputed.

Second, the Court found the statements were defamatory, in that a statement that a consumer refused to pay his or her debts impairs the consumer's reputation for creditworthiness,

---

[3] *Wright ex rel. Tr. Co. of Kan. v. Abbott Lab'ys, Inc.*, 259 F.3d 1226, 1236 (10th Cir. 2001) (quoting *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1331 (10th Cir. 1996)).

[4] *Gorenc v. Proverbs*, 447 F. Supp. 3d 1110, 1113 (D. Kan. 2020) (quoting *Hadley v. Hays Med. Ctr.*, No. 14-1055, 2017 WL 748129, at *2 (D. Kan. Feb. 27, 2017)).

something recognized by the Restatement (Second) of Torts on defamation.[5]  Indeed, the tort of defamation "primarily protects only the interest in reputation."[6]

Third, it is undisputed that statements were published by Defendant, a debt collection agency, to Experian, a credit-reporting agency.  Defendant's argument that the publication was through electronic transmission rather than a human-to-human contact does not negate the fact that Defendant successfully communicated to Experian that these three debts were in active collection.  It is undisputed that Experian received this communication from Defendant and in turn reported what Defendant reported to it.

Fourth, Defendant's argument that Plaintiff failed to show evidence that Experian understood the defamatory nature of Defendant's statement fails.  There is evidence that this statement was understood by Experian to be material to its business of reporting credit information.  Experian first reported the debts as in active collections, consistent with Defendant's communication; and when Defendant later reported the debts as disputed, Experian changed its report to reflect that the debts were disputed.  Furthermore, on Defendant's motion for summary judgment, it is a proper and reasonable inference to draw in the non-movant Plaintiff's favor that Experian understood the defamatory nature of Defendant's communication, given that as a credit-reporting agency, its duty is to report the status of debts.

Finally, Defendant's argument that the analogue of defamation fails unless there is evidence that Experian changed Plaintiff's credit score or that an actual creditor denied credit is of no avail.  As the Court previously explained in its July 30 Memorandum and Order, the tort of defamation requires publication to a third party (Experian), not a fourth party (potential creditor

---

[5] Restatement (Second) of Torts §569 cmt. G (A.L.I 1977).

[6] Restatement (Second) of Torts §577 cmt. b (A.L.I. 1977).

or actual creditor).  The Court relied on the Supreme Court's decision in *TransUnion*, which concerned a plaintiff's lack of standing to pursue a claim under a different statute, the Fair Credit Reporting Act ("FRCA"), where the error was in an internal credit file of the credit reporting agency and not disclosed to a third party.[7]  The FRCA creates a cause of action against a credit-reporting agency for errors it includes in a credit report; whereas the FDCPA creates a cause of action against a debt collector for false reporting of information to a credit-reporting agency. The FDCPA does not require publication beyond the debt collector's publication to the credit-reporting agency; thus, the FDCPA does not require evidence that a potential creditor denied credit or acted upon the credit-reporting agency's report.

The Court acknowledged a line of cases in the Seventh Circuit that require the plaintiff to show more than that the credit-reporting agency included the inaccurate communication in its own credit report, but require, for example, a showing that the credit reporting agency considered that statement in its own assessment of the plaintiff's creditworthiness, and that the communication actually altered the credit-reporting agency's assessment of the plaintiff's reputation.[8]  But as the Court previously explained, the Tenth Circuit has not ruled upon this issue and the Court believes that these cases go too far.  For publication only looks to whether the third party (credit-reporting agency) understood the defamatory nature of the communication, not that the communication actually altered the third party's assessment of the plaintiff's reputation.  While evidence that the communication actually altered the credit reporting agency's assessment can serve as evidence that the agency understood the defamatory nature of the communication, it is not necessary for a showing of publication.  Rather, such evidence bears on

---

[7] *TransUnion LLC v. Ramirez*, 594 U.S. 413, 434 (2021).

[8] *See, e.g.*, *Ewing v. MED-1 Sols., LLC*, 24 F.4th 1146, 1154 (7th Cir. 2022); *Freeman v. Ocwen Loan Servicing, LLC*, 113 F.4th 701, 709 (7th Cir. 2024).

damages.  The Court has neither committed clear error nor manifest injustice in disagreeing with a nonauthoritative decision from another Circuit.

Accordingly, the Court denies Defendant's motion for reconsideration.  At trial, Defendant can raise a continuing objection on the basis of its argument that Plaintiff lacks Article III standing.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reconsideration of Memorandum and Order Denying Defendant's Motion for Summary Judgment and Request for Clarification (Doc. 76) is **denied.**

**IT IS SO ORDERED.**

Dated: October 21, 2025

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE